UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DEVIN M. KUGLER, | ) |
| Plaintiff, | ) |
| v. | ) 14-CV-3085 |
| JUDITH ROTH, | ) |
| Defendant. | ) |

**MERIT REVIEW OPINION**

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis. He alleges that Defendant Roth has removed him from an essential therapy group and terminated his contact with the therapists with whom Plaintiff has been making substantial progress. Defendant Roth has also allegedly refused to address what Plaintiff describes as other group members "forcing their opinions and feedback/beliefs" on Plaintiff. (Complaint, para. 4.) Additionally, Roth has allegedly directed that Plaintiff be placed naked in a mental health observation cell on multiple occasions. On the last occasion, Plaintiff allegedly attempted to commit suicide by cutting himself on the wrist with his fingernail.

Plaintiff is entitled to adequate treatment for his serious mental disorder, as determined by an appropriate professional exercising professional judgment. *See* Youngberg v. Romeo, 457 U.S. 307, 323 (1982)(decisions by professionals working at mental health institution are afforded deference and violate the Constitution only if professional judgment not exercised). At this point, the Court cannot rule out a plausible claim that Defendant Roth's decisions have been outside that acceptable range. Accordingly, this case will proceed per the standard procedures.

**IT IS ORDERED:**

1.  Plaintiff's petition to proceed in forma pauperis is granted (d/e 2). Pursuant to a review of the Complaint, the Court finds that Plaintiff states a claim for deliberate indifference to his need for treatment for his mental disorders. This case proceeds solely on the claim identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. An order assessing a partial filing fee will enter separately. Failure to pay the filing fee will result in dismissal of this case, without prejudice.

3. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4. The Court will attempt service on Defendants by sending each Defendant a waiver of service. Defendants have 60 days from the date the waiver of service is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

5. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant

worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10. If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11. **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

12. **The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

ENTERED: 5/29/2014

FOR THE COURT:

                                      **s/Sue E. Myerscough**
                                        SUE E. MYERSCOUGH
                           UNITED STATES DISTRICT JUDGE