IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

DEVIN M. KUGLER,

    Plaintiff,

v.                              Law No. 14-cv-03085

JUDITH ROTH,

    Defendant.

## MOTION FOR LEAVE TO FILE EXHIBITS UNDER SEAL

NOW COMES the Defendant, JUDITH ROTH, by her attorneys, HEYL, ROYSTER, VOELKER & ALLEN, and states as follows for her Motion for Leave to File Exhibits Under Seal:

1.    The Plaintiff in this case, Devin Kugler, is a resident at the Rushville Treatment and Detention Facility.

2.    As stated in the Court's Merit Review Opinion, this case concerns Plaintiff's access to mental health treatment. [Doc. 6, p. 2].

3.    On December 8, 2014, Plaintiff signed a State of Illinois Department of Human Services Authorization to Disclose/Obtain Information. (See Authorization to Disclose/Obtain Information attached hereto as Exhibit A).

4.    Through the course of discovery, subpoenas were issued and documents were obtained from the Illinois Department of Human Services Rushville Treatment & Detention Facility. These documents include 1,296 pages of Plaintiff's mental health treatment records.

5.    Contemporaneously with the filing of this Motion, the Defendant has filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.

6. In support of her Motion for Summary Judgment, Defendant relies on relevant portions of Plaintiff's mental health treatment records. These records directly relate to, and were created as a result of, Plaintiff's mental health condition and treatment.

7. Defendant seeks to include relevant portions of Plaintiff's mental health treatment records with her Motion for Summary Judgment.

8. The Seventh Circuit has explained that, in order to avoid an outright denial of a motion to file documents under seal, the motion must set forth a specific basis for placing the documents under seal. *See Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002). "In civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is entitled to be kept secret on appeal." *Id*. at 546.

9. The Illinois Mental Health and Developmental Disabilities Confidentiality Act provides that "[a]ll records and communications shall be confidential and shall not be disclosed except as provided in this Act." 740 ILCS 110/3(a). The Act further provides:

> Records and communications may be disclosed in a civil, criminal or administrative proceeding in which the recipient introduces his mental condition or any aspect of his services received for such condition as an element of his claim or defense, if and only to the extent the court in which the proceedings have been brought, or, in the case of an administrative proceeding, the court to which an appeal or other action for review of an administrative determination may be taken, finds, after in camera examination of testimony or other evidence, that it is relevant, probative, not unduly prejudicial or inflammatory, and otherwise clearly admissible; that other satisfactory evidence is demonstrably unsatisfactory as evidence of the facts sought to be established by such evidence; and that disclosure is more important to the interests of substantial justice than protection from injury to the therapist-recipient relationship or to the recipient or other whom disclosure is likely to harm. Except in a criminal proceeding in which the recipient, who is accused in that proceeding, raises the defense of insanity, no record or communication between a therapist and a recipient shall be deemed relevant for purposes of this subsection, except the fact of treatment, the cost of

    services and the ultimate diagnosis unless the party seeking disclosure of the communication clearly establishes in the trial court a compelling need for its production.

740 ILCS 110/10(a)(1).

10.    Plaintiff has clearly introduced his mental health condition as an issue in this lawsuit. Plaintiff is proceeding on a single claim of deliberate indifference to his need for treatment of his mental disorders. [Doc. 6, p. 2]. Plaintiff's claim is based on his removal from a therapy group and his loss of contact with certain therapists. The documents that Defendant seeks to include with her Motion for Summary Judgment are directly related to the defense of these claims as they provide evidence of the Rushville TDF staff's efforts in making mental health treatment available to Plaintiff. As these records are directly related to Plaintiff's Complaint and Defendant's Motion for Summary Judgment, they should be filed in this case.

11.    Plaintiff's mental health records are relevant, probative, not unduly prejudicial and inflammatory, and otherwise clearly admissible; other satisfactory evidence is demonstrably unsatisfactory as evidence of the fact sought to be established by such evidence; and disclosure is more important to the interests of substantial justice than protection from injury to the therapist-recipient relationship or to the recipient or other whom disclosure is likely to harm. Thus, the records may be disclosed and filed in this case as exhibits to Defendant's Motion for Summary Judgment. *See* 740 ILCS 110/10(a)(1).

12.    Defendant requests that this Court grant leave allowing Plaintiff's mental health treatment records to be filed under seal so that they may be considered in conjunction with Defendant's Motion for Summary Judgment, pursuant to federal and local rules.

13.    This Motion for Leave is made in consideration of Plaintiff's privacy interests under the Mental Health and Developmental Disabilities Confidentiality Act. Plaintiff's mental

health records should remain under seal pending a request by Plaintiff to have them unsealed, or a finding by this Court upon in camera review that the records may be unsealed.

WHEREFORE, for the above and foregoing reasons, and pursuant to Local Rules 5.10(A) and 5.10(B), Defendant respectfully requests that this Court grant her Motion for Leave to File Exhibits Under Seal, together with such other relief as this Court deems appropriate and just under the circumstances.

JUDITH ROTH, Defendant

s/ John D. Hoelzer
John D. Hoelzer, IL ARDC #6295098
Theresa M. Powell, IL ARDC #6230402
Heyl, Royster, Voelker & Allen
3731 Wabash Avenue
P. O. Box 9678
Springfield, IL  62791-9678
Phone: 217.522.8822, Ext. 2211/2222
Fax:    217.523.3902
Email: jhoelzer@heylroyster.com
         tpowell@heylroyster.com

**PROOF OF SERVICE**

    I hereby certify that on July 10, 2015, I electronically filed the foregoing instrument, MOTION FOR LEAVE TO FILE EXHIBITS UNDER SEAL, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    None

and I hereby certify that I have mailed on July 10, 2015, by United States Postal Service the foregoing instrument, MOTION FOR LEAVE TO FILE EXHIBITS UNDER SEAL, to the following non-CM/ECF participants:

    Mr. Devin M. Kugler
    IDHS – TDF Rushville
    17019 County Farm Road
    Rushville, IL  62681

                                                  s/ John D. Hoelzer
                                                          John D. Hoelzer

JDH/mh (13256-U2451)
28211260_1